Filed 8/10/22 P. v. Stultz CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWARDO STULTZ,<br><br>    Defendant and Appellant. | E071841<br><br>(Super.Ct.No. INF1601918)<br><br>OPINION AFTER TRANSFER |

APPEAL from the Superior Court of Riverside County. Russell L. Moore, Judge. Affirmed in part; conditionally reversed in part with directions.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Idan Ivri and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant, Edwardo Stultz, guilty of second degree murder (Pen. Code, § 187, count 1)[1] and being a felon in possession of a firearm (former § 29800; amended Stats 2017, ch. 17, § 44, count 2). The jury additionally found true allegations attached to count 1 that defendant personally and intentionally discharged a firearm in his commission of the murder (former § 12022.53, subd. (d); amended Stats 2017, ch. 682, § 2) and committed the murder for the benefit of, at the direction of, or in association with a criminal street gang (former § 186.22, subd. (b)(1)(C); Stats 2017, ch. 561, § 178). The court thereafter found true allegations that defendant had suffered a prior serious felony conviction and prior strike conviction. (Former §§ 667, subds. (a), (c), (e)(1), 1170.12, subd. (c)(1); amendment approved by voters, Prop. 36, § 2, eff. Nov. 7, 2012.)

The court sentenced defendant to 55 years to life, including an indeterminate term of 25 years to life on the former section 12022.53, subdivision (d) enhancement.[2] On appeal, defendant contended the matter should be remanded for a new sentencing hearing because the sentencing court misunderstood the scope of its discretion to strike the former section 12022.53, subdivision (d) enhancement and impose a lesser included enhancement. On May 19, 2020, we issued an opinion affirming the judgment.

On April 27, 2022, the California Supreme Court transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of *People v.*

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The court did not impose additional time on the former § 186.22, subdivision (b)(1)(C) gang enhancement.

*Tirado* (2022) 12 Cal.5th 688 (*Tirado*). On April 29, 2022, we ordered our decision vacated and set a briefing schedule. Appellant filed a supplemental brief; no supplemental respondent's brief was filed.

Defendant contends that pursuant to *Tirado*, the matter must be remanded to allow the court discretion to strike the former section 12022.53, subdivision (d) enhancement. Defendant further maintains that Assembly Bill No. 333 (2021-2022 Reg. Sess.) must be applied retroactively to his case because it is not yet final. He argues that because the court instructed the jury with the requirements for finding the gang enhancement true under former section 186.22, subdivision (b)(1)(C), the jury's true finding on the gang enhancement attached to count 1 must be reversed.[3] The People did not respond to defendant's supplemental brief.

We conditionally reverse the former section 12022.53, subdivision (d) enhancement and remand the matter for the court to determine whether to exercise its discretion to impose a lesser enhancement. We reverse the former § 186.22, subd. (b)(1)(C) gang enhancement and remand the matter with directions to the trial court. In all other respects, we affirm the judgment.

---

[3] Defendant incorrectly argues that his conviction in count 2 was for a substantive gang offense, which should also be reversed pursuant to Assembly Bill No. 333; in fact, defendant was convicted for being a felon in possession of a firearm (former § 29800) in the count 2 offense, an offense for which Assembly Bill No. 333 does not avail him.

3

# I. FACTUAL AND PROCEDURAL BACKGROUND

A witness testified that a person he saw earlier dressed the same as defendant shot and killed the victim. A second witness told an officer he saw defendant and another man shoot the victim seven times.[4]

By interlineated felony information, the People charged defendant with murder (§ 187, subd. (a), count 1) and being a felon in possession of a firearm (former § 29800, count 2). The People additionally alleged that defendant personally and intentionally discharged a firearm in his commission of the murder (former § 12022.53, subd. (d)); committed the murder for the benefit of, at the direction of, or in association with a criminal street gang (former § 186.22, subd. (b)(1)(C)); had suffered a prior serious felony conviction (former § 667, subd. (a)); and had suffered a prior strike conviction (former §§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).

A jury found defendant not guilty of first degree murder but guilty of second degree murder (§ 187, count 1) and being a felon in possession of a firearm (former § 29800, count 2). The jury additionally found true allegations that defendant personally and intentionally discharged a firearm in his commission of the murder (former § 12022.53, subd. (d)) and committed the murder for the benefit of, at the direction of, or in association with a criminal street gang (former § 186.22, subd. (b)(1)(C)). The court thereafter found true allegations that defendant suffered from a prior serious felony

---

[4] We will recite additional facts when discussing the issues raised by defendant.

conviction (former § 667, subd. (a)) and a prior strike conviction (former §§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).

The court sentenced defendant to an aggregate term of imprisonment of 60 years to life, including 25 years to life on the former section 12022.53, subdivision (d) enhancement. The court later recalled the sentence, struck the prior serious felony conviction enhancement, and resentenced defendant to 55 years to life, including the 25 years to life on the former section 12022.53, subdivision (d) enhancement.

## II. DISCUSSION

*A.        The Former Section 12022.53, Subdivision (d) Enhancement.*

Defendant contends the former section 12022.53, subdivision (d) enhancement must be reversed and the matter remanded because the court misunderstood the scope of its sentencing discretion. We agree.

At the original sentencing hearing, defense counsel argued the court should use its discretionary power to strike the firearm enhancement. The court asked whether, "if I were so inclined, rather than . . . just entirely strike the gun enhancement, could I impose a 20-year enhancement that's not a life sentence on top of the murder?" Defense counsel responded that it could impose a section 12022.5 enhancement. The court asked, "Why would I have to go to an uncharged enhancement? Couldn't I go to a lesser included, if it is indeed a lesser included, in other words, the same statue, but a different subdivision? Instead of (d), (b)?" Defense counsel responded that it could.

The court noted, "I will say that the evidence, if believed by the jury, does support the verdict . . . ." "If the jury believed the People's evidence that [defendant] is

5

responsible, which they apparently did, if the jury believed that he personally, intentionally discharged a firearm, causing at least great bodily injury, they showed mercy and leniency" by finding defendant guilty of second degree murder rather than first degree murder.

The People observed, "First in turn, the question was asked: Does the Court have the power to find a [section] 12022.53[, subdivision] (c) in lieu of the jury finding [section] 12022.53[, subdivision] (b) as a necessarily lesser included charge, if you will, to the allegation which was found true? I don't believe there's any authority to do that, Your Honor, because that's a specific requirement and it has to be a necessarily related charge that, I think, both counsel and I have to agree to it for the Court to consider in that regard."

Prior to sentencing defendant, the court stated, "I do not see myself as having the authority to say, 'Look the statute says you can impose the enhancement or you can completely get rid of it. I'm going to pick something in the middle ground.' " "For instance, in this case, if memory serves me, the People didn't charge [section] 12022.53[, subdivision] (c) or [section] 12022.53[, subdivision] (b). They only charged [section] 12022.53[, subdivision] (d). The jury found [section] 12022.53[, subdivision] (d), but I would say . . . if I felt I had the discretion . . . and authority to do so, I would be on the fence about whether I would . . . ." "If I had that discretion, that would be a difficult call, and I don't know."

"When being sentenced, a defendant is entitled to decisions made by a court exercising informed discretion. [Citation.] A court acting while unaware of the scope of its discretion is understood to have abused it." (*Tirado*, *supra*, 12 Cal.5th at p. 694.)

"When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53(d) enhancement, and the court determines that the section 12022.53(d) enhancement should be struck or dismissed under section 12022.53(h), the court may, under section 12022.53(j), impose an enhancement under section 12022.53(b) or (c)." (*Tirado*, *supra*, 12 Cal.5th at p. 700.) "The prosecution cannot control the court's authority to select from the *legislatively authorized* sentencing options. [Citation.] Here, the Legislature has permitted courts to impose the penalties under section 12022.53(b), (c), or (d) so long as the existence of facts required by the relevant subdivision has been alleged and found true." (*Id*. at p. 702.)

Here, because the court in *Tirado* clarified the discretion of the sentencing court to impose a lesser enhancement under section 12022.53, subdivisions (b) or (c), the matter must be reversed and remanded to the court to determine whether to exercise such discretion. Moreover, any misunderstanding in the scope of the court's discretionary authority cannot be deemed harmless here because the court raised the issue of its own accord and expressed that if it had such discretion, it might impose a lesser enhancement.

### B. *The Former Section 186.22, Subdivision (b)(1)(C) Enhancement*

Defendant contends the jury's true finding on the gang enhancement attached to count 1 must be reversed because the court instructed the jury with the requirements for finding the gang enhancement true under former section 186.22, subdivision (b)(1)(C). Specifically, defendant maintains that Assembly Bill No. 333 prohibits the use of the currently charged crime to provide the pattern of gang activity; "[r]emoves the prosecution's ability to prove a criminal street gang by showing that the members 'individually or collectively' engage in, or have engaged in, a pattern of criminal gang activity, requiring instead that it prove that the pattern is committed "collectively";[5] and "the predicate offenses were committed to benefit the criminal street gang in a manner that is more than reputational."

An officer testified that "West Drive" is "a turf-based gang in Desert Hot Springs. It stands for West Drive Locos." Defendant had tattoos on his back reading "West Drive" and "DHS" to signify he is from the West Drive Locos gang (WDL). The officer filled out a gang identification card on defendant in 2007, during which time defendant was walking through gang territory, affiliating with gang members, and wearing gang apparel. Defendant's prior probation officer testified defendant was a member of WDL.

---

[5] We note that this court has recently held that under amended section 186.22 (Stats. 2021, ch. 699, § 3), "a pattern of criminal gang activity may be established by (1) two gang members who separately committed crimes on different occasions, or (2) two gang members who committed a crime together on a single occasion." (*People v. Clark* (2022) 81 Cal.App.5th 133, 145-146.)

8

The People's gang expert testified that defendant was an active member and participant of WDL.

The gang expert testified that the primary activities of WDL included committing murders, robberies, thefts, and sales of narcotics. On August 15, 2014, a member of WDL was convicted of attempted murder and a substantive criminal street gang offense committed on October 31, 2013. On November 18, 2016, another member of WDL was convicted of manslaughter with an attached gang enhancement for an offense committed on January 28, 2014. Yet another member of WDL was convicted of assault with a deadly weapon for an offense occurring on May 3, 2015.

When posed a hypothetical based on the facts of the instant case, the People's gang expert testified the offenses were gang-related because two gang members "were actively participating and assisting each other and associating with each other at the time the incident . . . occurred . . . ." "Both had an active role, which furthers the gang's reputation and benefits the gang, because now the reputation of the West Drive Locos is to instill fear and intimidation throughout the community, which is accomplished by this murder, and . . . that fear and intimidation also causes people not to be witnesses and come forward and talk to law enforcement."

"Assembly Bill 333's substantive changes apply retroactively to all cases—like [defendant]'s—in which the judgment of conviction is not yet final because the changes 'redefine, to the benefit of defendants, conduct subject to criminal sanctions.'" (*People v. E.H.* (2022) 75 Cal.App.5th 467, 478; accord *People v. Clark*, *supra*, 81 Cal.App.5th 133, 144, fn. 11.) "Assembly Bill 333 [now] requires the prosecution to prove the benefit the

9

gang derives from the predicate and current offenses is 'more than reputational.' [Citation.] New section 186.22, subdivision (g), provides, 'As used in this chapter, to benefit, promote, further, or assist means to provide a common benefit to members of a gang where the common benefit is more than reputational. Examples of a common benefit that are more than reputational may include, but are not limited to, financial gain or motivation, retaliation, targeting a perceived or actual gang rival, or intimidation or silencing of a potential current or previous witness or informant.'" (*E.H.*, at p. 478.)

"Because Assembly Bill 333 essentially adds new elements to the substantive offense and enhancements in section 186.22 . . . the prejudice standard articulated in *Chapman v. California* (1967) 386 U.S. 18 . . . applies. [Citation.] Under that standard, the absence of instruction on the amended version of section 186.22 requires reversal unless 'it appears beyond a reasonable doubt that the error did not contribute to th[e] jury's verdict.'" (*People v. E.H.*, *supra*, 75 Cal.App.5th at p. 479.)

Here, the People did not adduce any evidence of the benefit WDL derived from the predicate offenses, let alone that it was more than just reputational. Thus, the gang enhancement must be reversed, and the matter remanded to give the People the opportunity to retry it. (*People v. E.H.*, *supra*, 75 Cal.App.5th at p. 480 ["The proper remedy for this type of failure of proof —where newly required elements were 'never tried' to the jury—is to remand and give the People an opportunity to retry the affected charges."].)

## III. DISPOSITION

We reverse the former section 12022.53, subdivision (d) enhancement and remand the matter to the sentencing court to determine whether to exercise its discretion to impose a lesser enhancement. We reverse the former section 186.22, subdivision (b)(1)(C) gang enhancement and remand the matter for the trial court to provide the People an opportunity to retry it under the law as amended by Assembly Bill No. 333; if the People elect not to retry the enhancement, the trial court is directed to strike it. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

FIELDS
J.

MENETREZ
J.

11